UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-265-MOC
(3:01-cr-135-MOC)

**JOHN HENRY STACKS, JR.,**

        **Petitioner,**

**vs.**

        **ORDER**

**UNITED STATES OF AMERICA,**

        **Respondent.**

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255, filed on May 26, 2016. [Doc. No. 1]. In response, the Government has moved to dismiss Petitioner's motion. [Doc. 9].

**I.    PROCEDURAL HISTORY**

Petitioner John Henry Stacks, Jr. ("Petitioner") pleaded guilty in July 2003 to the following charges: conspiracy to commit bank robbery under 18 U.S.C. § 371 (count 1); conspiracy to possess with intent to distribute, and distribute cocaine/cocaine base under 21 U.S.C. § 841 & 846 (count 2); carjacking under 18 U.S.C. § 2119 (count 3); brandishing a firearm during and in relation to carjacking under 18 U.S.C. § 924(c)(count 4); two counts of Hobbs Act robbery under 18 U.S.C. § 1951 (counts 5 & 7); two counts of brandishing a firearm during and in relation to the Hobbs Act robbery under 18 U.S.C. § 924(c)(counts 6 and 8); and possessing a firearm as a convicted felon under 18 U.S.C. § 922(g)(1) and 924(e)(count 9). [CR Doc. 72; Doc. 1 at 2].[1]

---

[1] Citations to Petitioner's criminal docket, Case No. 3:01-cr-135 are denoted by the letters "CR" followed by the relevant docket number.

Petitioner was deemed an armed career criminal under the Armed Career Criminal Act (ACCA) under 18 U.S.C. § 924(e) because he had two prior convictions for common-law robbery and one prior conviction for federal bank robbery. [Doc. 9 at 3; Doc. 1 at 6]. This Court sentenced Petitioner to the following terms of imprisonment: 235 months (concurrent) for counts 2, 5, 7, and 9; 180 months (concurrent) for count 3; 60 months (concurrent) for count 1; consecutive 84-month term for count 4; and to two terms of 300 months in prison, to run consecutively for counts 6 & 8. [CR Doc. 72; Doc. 1 at 2]. This Court later reduced Petitioner's sentence on counts 2, 5, 7, & 9 from 235 months to 210 months in October 2012. [CR Doc 132].

Petitioner filed a Notice of Appeal on grounds that the Court erred by failing to determine the factual basis for each charge and for failing to grant his motion to withdraw guilty plea to some of the charges. United States v. Stacks, 122 F.App'x 9 (4th Cir. 2005). The Fourth Circuit affirmed Petitioner's conviction. Id.

Petitioner filed a Motion to Vacate and Set Aside Sentence pursuant to 28 U.S.C. § 2255 in April 2007, challenging his conviction and raising claims of ineffective assistance of counsel. This Court denied and dismissed the motion. [Docs. 1, 15 of Case No. 3:07-cv-164 (W.D.N.C.)].

Petitioner filed the instant § 2255 Motion to Vacate Sentence on May 26, 2016. [Doc. No. 1]. Petitioner received authorized from the Fourth Circuit Court of Appeals to file a successive motion to vacate. [Doc. 1-1]. This Court entered a stay in this matter on August 9, 2016, pending a decision by the Fourth Circuit Court of Appeals in United States v. Ali, No. 15-4433, United States v. Simms, No. 15-4640, or Beckles v. United States, No. 15-8455. [Doc. 5]. The stay was lifted on February 9, 2021. [Doc. 8]. The Government filed its response on March 11, 2021, moving to dismiss the Petitioner's motion. [Doc. 9].

2

On March 31, 2021, counsel for Petitioner moved to withdraw on grounds that she could not file a meritorious response in opposition to the Government's Motion to Dismiss on Petitioner's behalf. [Doc. 11]. The Court granted the motion to withdraw on April 20, 2021 and granted Petitioner thirty days in which to file a *pro se* response to the Government's Motion to Dismiss. [Doc. 12]. Petitioner did not file a *pro se* response.

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255(a), a prisoner convicted of a federal offense may collaterally attack a conviction or sentence under the following four grounds: 1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) the court was without jurisdiction to impose the sentence; 3) the sentence was in excess of the maximum authorized by law; or 4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Section § 2255 is designed to correct fundamental errors which would "inherently result[ ] in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979)(quoting Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)). In a § 2255 proceeding, the petitioner bears the burden of proving his claims by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

## III.    DISCUSSION

Petitioner's § 2255 Motion to Vacate argues that his sentence exceeds the statutory maximum and violates due process in light of Johnson v. United States, 576 U.S. 591, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), as two of his convictions for violation § 924(c) are invalid, and he therefore does not have sufficient predicate convictions that qualify to trigger the ACCA enhanced sentence. [Doc. 1 at 1, 7-8]. Petitioner claims that the Hobbs Act robbery convictions that served as predicates supporting his § 924(c) firearm convictions in counts 6 and 8 do not qualify as crimes

of violence and are invalid under Johnson. [Doc. 1 at 8-10]. Petitioner also argues that his common law robbery convictions also do not qualify as crimes of violence and cannot support his classification as an armed career criminal. [Doc. 1 at 6]. Petitioner requests that his convictions in counts 6 and 8 be vacated and that he be resentenced on counts 2, 5, 7, and 9. [Doc. 1 at 1].

Section 924(c)(1) of Title 18 provides for enhanced penalties for any individual who, during any crime of violence or drug trafficking crime, uses, brandishes, or carries a firearm. 18 U.S.C. § 924(c). Section § 924(c) defines the term "crime of violence" using two clauses, the "force" clause and the "residual" clause. The force clause includes any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The residual clause includes any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

In Johnson, the Supreme Court declared the residual clause to be unconstitutionally vague and held that the imposition of an enhanced sentence under ACCA's residual clause violated due process. Johnson v. United States, 576 U.S. 591, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). The Supreme Court subsequently held in United States v. Davis, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019) that the residual clause of 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague. However, the Court did not strike down the force clause. Convictions under § 924(c) may now stand only if the underlying offense qualifies as a crime of violence under the "force" clause. Bost v. United States, 2020 WL 2041340, *2 (W.D.N.C. Apr. 28, 2020).
4

The Fourth Circuit held in United States v. Dinkins, 928 F.3d 349, 355-356 (4th Cir. 2019) that North Carolina's common law robbery offense satisfies the ACCA's physical force requirement, thereby qualifying as a violent felony under the force clause.  As such, Petitioner's argument that his prior common law robbery convictions cannot support his ACCA classification is without merit and fails as a matter of law.  [Doc. 1 at 6].

The Fourth Circuit also held in United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) that Hobbs Act robbery constitutes a crime of violence under § 924(c)'s force clause.   As such, Petitioner's argument that his Hobbs Act robbery convictions do not qualify as crimes of violence is also without merit and fails as a matter of law.  [Doc. 1 at 8-10].

In light of the Fourth Circuit's rulings in Dinkins and Mathis,  Petitioner can state no viable claim of relief.  The Government's motion to dismiss on grounds that Petitioner's § 2255 arguments are foreclosed by Fourth Circuit precedent shall be granted and this matter shall be dismissed and denied.[2]

## IV. CONCLUSION

For the reasons set forth above, the Court dismisses and denies Petitioner's Motion to Vacate Sentence.  [Doc. 1].

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right as required for issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)(in order to satisfy §2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v.

---

[2] The Government also moves to dismiss Petitioner's § 2255 motion on grounds that it is barred by procedural default. [Doc. 9].  However, because the Court grants the Government's Motion to Dismiss on grounds that Petitioner is barred by Fourth Circuit precedent, the Court need not reach the issue of procedural default.

McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)(holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition state a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255, filed on May 26, 2016. [Doc. No. 1] is **DISMISSED** and **DENIED**.
2. Respondent's Motion to Dismiss [Doc. 9] is **GRANTED**.
3. This Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: April 5, 2022

Max O. Cogburn Jr.
United States District Judge